UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CASHMAN EQUIPMENT CORP.                                CIVIL ACTION

VERSUS

ROZEL OPERATING CO., ET AL                             NO. 08-363-C-M2

## RULING & ORDER

This matter is before the Court on the Motion to Compel Discovery Responses (R. Doc. 39) filed by plaintiff, Cashman Equipment Corporation ("Cashman"). This motion relates to Interrogatories and Requests for Production of Documents that Cashman propounded upon defendant, Rozel Operating Company ("Rozel"), on February 25, 2009. Despite having allowed Rozel several extensions within which to respond to its discovery requests, Cashman had not received any responses and/or objections from Rozel as of June 23, 2009, and it therefore filed a motion to compel responses to its discovery requests. On July 13, 2009, Rozel filed an opposition to Cashman's motion, wherein it indicated that it had provided complete responses to Cashman's discovery requests on July 10, 2009. In its opposition, Rozel detailed the amount of work that was expended in responding to such requests and contended that Cashman's motion and request for attorney's fees should be denied as moot.

Considering Rozel's contentions in its opposition, the Court ordered Cashman to review the discovery responses submitted to it by Rozel for sufficiency and to notify the Court within ten (10) days as to whether or not its motion to compel and request for fees was indeed moot, and if such motion was not moot and Rozel's responses were deemed

1

by Cashman to be deficient, to file a reply memorandum identifying the specific discovery responses that it deemed to be incomplete and explaining the deficiencies therein.

On July 28, 2009, Cashman filed a reply memorandum with the Court, wherein it indicates that its motion to compel is not moot because Rozel's responses consist of a privilege log that is deficient in several respects.  First, Cashman contends that, although the log indicates that all documents listed therein are subject to the attorney-client privilege and work product doctrine, a number of the documents listed constitute correspondence "by and between individuals and entities that 'have absolutely no right to claim either privilege'" -- such as documents (1) between Rozel and its insurance broker, (2) between Rozel's multiple insurance brokers, (3) between Rozel's subcontractor and insurance brokers, (4) between Rozel and Continental Insurance Company ("Continental"), a co-defendant in this case, (5) between Rozel and Continental's retained experts, and (6) between Rozel and Cashman's general counsel.  Cashman has only asserted that argument generally, however, and has not provided the Court with a specific list of those documents contained in the privilege log that fit into the above categories (by bates-number).

Cashman also contends that the privilege log is deficient because it does not identify any information about the allegedly privileged documents other than the names of the sender and the recipient and the dates of the documents.  According to Cashman, the privilege log does not even designate which of the listed documents are responsive to which of its discovery requests.  Cashman argues that it is impossible for it and this Court to conduct any analysis of whether the documents identified in the log are truly subject to protection or privilege if Rozel does not provide the information required by Fed. R. Civ. P.

26(b)(5).[1]  As a result of Rozel's alleged failure to provide a sufficient privilege log, Cashman requests that Rozel's privilege objections be deemed waived and that the withheld documents be declared discoverable by the Court.

## LAW & ANALYSIS

As a preliminary matter, the Court agrees with Cashman that Rozel's privilege log is deficient in that it does not meet the minimal requirements that this Court has recognized for such a log.  Specifically, this Court has recognized that, "[a] privilege log . . . should not only identify the date, the author, and all recipients of each document listed therein, but should also describe the document's subject matter, the purpose for its production, and a specific explanation of why the document is privileged or immune from discovery."  *See, Peacock v. Merrill,* 2008 WL 687195, at *3 (M.D.La. 2008), citing *Jones v. Hamilton County Sheriff's Dept.*, 2003 WL 21383332, at *4 (S.D.Ind. 2003).  While Rozel's privilege log meets the first three (3) of the above requirements,[2] it fails to satisfy the latter three (3) requirements.  The secondary issue before the Court is whether such failure should constitute a waiver of Rozel's privilege objections or whether Rozel should be allowed an opportunity to supplement its privilege log and correct the deficiencies contained therein.

After reviewing the supplemental memoranda of both parties in connection with

---

[1] Fed. R. Civ. P. 26(b)(5) requires that, when a party withholds information otherwise discoverable under [the federal] rules by claiming that it is privileged or subject to protection as trial preparation material, that party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. Fed. R. Civ. P. 26(b)(5).

[2] Rozel's privilege log identifies the date, sender, recipient, type of document (email), and bates-number for each document.  The log also indicates that all documents listed therein are subject to the "Attorney/client-work product" privilege.  *See,* Exhibit B to Rozel's supplemental memorandum.

Cashman's motion to compel, the Court finds that the appropriate approach in the present case is to allow Rozel a short opportunity to amend its privilege log to correct the log's deficiencies. First, the Court agrees with Rozel that the descriptions contained in Cashman's privilege log are not significantly different from those contained in Rozel's log;[3] thus, if the Court were to deem Rozel's privilege objections waived, it could likewise do so with respect to Cashman's objections. Furthermore, the majority approach by courts, when confronted by a privilege log that is technically deficient and that does not appear to have been prepared in bad faith, is to allow the party who submitted the log a short opportunity to amend the log prior to imposing the drastic remedy of waiver.[4]

---

[3] The privilege log that Cashman prepared and submitted to Rozel in this litigation is attached as Exhibit C to Rozel's supplemental memorandum. *See*, R. Doc. 47-4. In that log, Cashman has identified the date, sender, recipient, bates number, and a brief description of each document. At the end of the log, it has generally alleged that all documents listed within its privilege log are subject to both the attorney client and work product privileges. Like Rozel, it has failed to identify, within its privilege log, the purpose for each document's production and a specific explanation as to why the document is privileged or immune from discovery.

[4] Waiver of privilege objections is not required as a result of the production of a deficient privilege log. *C.T. v. Liberal School Dist.,* 2008 WL 217203 (D.Kan. 2008), quoting *Employers Reinsurance Corp. v. Calredon Nat'l Ins. Co.*, 213 F.R.D. 422, 428 (D.Kan. 2003)("The law is well-settled that, if a party fails to make the required showing, by not producing a privilege log or by providing an inadequate one, the court *may* deem the privilege waived"); *Muro v. Target Corp.*, 250 F.R.D. 350 (N.D.Ill. 2007)(An order that privileged documents be disclosed as a sanction is appropriate only where the party that authored the log has displayed willfulness, bad faith, or fault).

*See, Muro v. Target Corp.*, 250 F.R.D. 350 (N.D. Ill. 2007)("[B]lanket waiver is not a favored remedy for technical inadequacies in a privilege log." Where the magistrate judge did not make a finding of willfulness, bad faith, or fault on the part of the party that authored the privilege log, the district judge vacated the order to produce the documents that were purportedly privileged and allowed the defendant a final opportunity to revise the privilege log); *Am. Nat'l Bank & Trust Co. of Chicago v. Equitable Life Assurance Soc'y of U.S.*, 406 F.3d 867, 879 (7th Cir. 2005)(The district court abused its discretion by compelling disclosure of approximately 400 documents that defendant regarded as privileged. The district court's rule that, if a sample of 20 documents from the log showed that four or more of those were not privileged, all claims of privilege must be in bad faith was too arbitrary to be accurate); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus*, Federal Practice and Procedure* § 2016.1 (2d ed. 1994 & Supp. 2007)("Unless there has been a bad-faith failure to comply with a reasonable identification effort, automatically finding a waiver of the privilege would be unduly harsh, as some courts have already recognized . . . draconian penalties should not readily be meted out to those found to have designated with inadequacy specificity unless the court concludes they have acted in bad faith"); *Kelley v. Crate & Barrell, Inc.*, 2008 WL 2233568 (E.D.Cal. 2008)(While the court agreed with the defendant that the

Finally, although Cashman contends that Rozel submitted a number of its privilege objections in bad faith relative to documents "by and between individuals and entities that 'have absolutely no right to claim either [the attorney client or work product] privilege'," Cashman has failed to specifically identify those documents within the log to which it is referring,[5] and Rozel has provided, in its supplemental memorandum, both statutory and jurisprudential support for its privilege objections relating to those documents.  *See*, Rozel's supplemental memorandum, R. Doc. 47, p. 4 (citing F.R.C.P. 26(b)(3) and various cases for the following propositions:  (1) that the work product doctrine applies to documents not

---

plaintiff's privilege log failed to comply with Rule 26(b)(5), the court did not find that the circumstances warranted a finding of wavier.  The court noted that the privilege log failed to give opposing counsel and the court sufficient information to test and determine the validity of the assertion of the privilege, but the court allowed the plaintiff an additional opportunity to respond and produce a privilege log that complied with Rule 26(b)(5).  The court instructed the plaintiff to provide sufficient information (*i.e.*, the date of each document's creation, the author of the document, the recipient, the type of document, etc.) so that opposing counsel and the court could test the privilege.  The court also ordered the plaintiff to provide a certification that he was withdrawing all boilerplate assertions of attorney client privilege.  Failure to comply with the order was to result in a finding that the privilege log had been waived and additional sanctions); *C.T. v. Liberal School District*, 2008 WL 217203 (D.Kan. 2008)(finding privileges waived only after allowing the plaintiff an opportunity to amend the original privilege log and correct its deficiencies); *Continental Coal , Inc. v. Cunningham*, 2007 WL 3245428 (D.Kan. 2007)(finding that the plaintiff's privilege log was deficient because it failed to provide the necessary information to determine the privilege asserted and whether the elements of either the attorney-client privilege or the work product protection had been met, but allowing the plaintiff fourteen (14) days to produce an amended privilege log because it did not act in bad faith); *Trudeau v. New York State Consumer Protection Board*, 237 F.R.D. 325 (D.C.N.Y. 2006)(Although defendants' privilege logs were "woefully inadequate," the court would not declare all of the purported discovery privileges waived where the deficiencies could be readily rectified.  Rather, the court required the defendants to submit new, more complete logs to the plaintiff); *Dorf & Staton Commun., Inc. v. Molson Breweries*, 100 F.3d 919 (C.A.Fed. 1996)(District court did not abuse discretion in compelling production of documents that plaintiff claimed were attorney-client privileged, where plaintiff had "multiple opportunities" to support the claim of privilege, but failed to do so); *Banks v. Office of the Senate Sergeant-at-Arms*, 233 F.R.D. 1 (D.C.D.C. 2005)(Sanction of waiver for all documents referenced on employer's privilege log was deemed disproportionate since employer's failure to submit materials for in camera review was inadvertent, not intentional); *Estate of Manship v. U.S.*, 232 F.R.D. 552, 561 (M.D. La. 2005)(ordering U.S. to produce a privilege log where none had been submitted); *Chemtech Royalty Assoc., L.P. v. U.S.* (ordering revision of privilege log where previous log was insufficient); *Peacock v. Merrill,* 2008 WL 687195 (M.D. La. 2008)(same).

[5] The Court should not be required to go back through each document listed in Rozel's privilege log and make a determination as to whether it is one of the documents to which Cashman has generally referred in its supplemental memorandum.

5

only prepared by attorneys but also to documents prepared by a party and its representatives, including consultants, insurers, investigators and agents; (2) that the attorney client privilege protects communications between not only a party and its attorney but also those between the party's agents or consultants and the party's attorney; and (3) that the attorney client privilege extends to communications among parties who have a common interest in a litigated or non-litigated matter).

      Without receiving further information concerning the purpose and substance of the documents claimed to be privileged through a supplemental privilege log, the Court cannot definitively say whether or not Rozel asserted objections with respect to documents by and between its attorneys, consultants, insurers, investigators, agents, and/or co-defendants in bad faith. As Rozel points out in its supplemental memorandum, it is a small, closely-held corporation composed of nine (9) employees, who are primarily geologists, geophysicists, and landmen, and it does not have the in-house expertise to evaluate many of the issues involved in this case, such as the seaworthiness of the breakwater barge and insurance coverage issues. Thus, Rozel has consulted with outside attorneys, engineering consultants, insurers, and insurance agents in connection with the various issues raised by this lawsuit and in anticipation of litigation, and such documents therefore could legitimately be subject to protection under the attorney client privilege and/or work product doctrine. As such, allowing Rozel a brief opportunity to amend its privilege log to provide additional information concerning the subject matter of each document listed therein, the purpose for each document's production, and a more specific explanation of why the document is alleged to be privileged or immune from discovery will allow both Cashman and the Court to determine whether each document is indeed subject to a legitimate claim

of privilege or whether the privilege objection has been asserted in bad faith.[6] Of course, if Rozel fails to submit an appropriate privilege log after being allowed this opportunity,[7] its privilege objections will be deemed waived, and the documents will be subject to discovery.

Accordingly;

**IT IS ORDERED** that the Motion to Compel Discovery Responses (R. Doc. 39) filed by plaintiff, Cashman Equipment Corporation, is hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth in the above ruling.

**IT IS FURTHER ORDERED** that defendant, Rozel Operating Co., shall produce a supplemental privilege log in accordance with this Ruling within fifteen (15) days and that the failure to produce such a log will result in a waiver of its claims of privilege.

Signed in chambers in Baton Rouge, Louisiana, August 11, 2009.

 _____
 **MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[6] At this time, it does not appear that Rozel's efforts at responding to Cashman's discovery requests, as documented in its opposition and its supplemental memorandum, indicate bad faith on its part. *See*, Rozel's documented efforts on pages 8-9 of its supplemental memorandum. R. Doc. 47.

[7] Rozel's supplemental privilege log should also indicate which documents are responsive to which of Cashman's discovery requests.