UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CASHMAN EQUIPMENT CORP.                         CIVIL ACTION

VERSUS

ROZEL OPERATING CO., ET AL                      NO. 08-363-C-M2

## RULING & ORDER

This matter is before the Court on the *in camera* inspection related to the Motion to Compel Discovery Responses (R. Doc. 39) filed by plaintiff, Cashman Equipment Corporation ("Cashman"). Based upon the undersigned's review of the documents submitted *in camera* by defendant, Rozel Operating Company ("Rozel"), the undersigned finds that none of the three (3) entities that Rozel contends are consultants for purposes of this litigation (*i.e.*, Stokes & Spiehler ("Stokes"), Regions Insurance ("Regions"), and J.H. Blades ("Blades")) appear to be so. With the exception of the documents bates-labeled "Rozel 00760" and "Rozel 01093," wherein Rozel's counsel and Tom Dade of Stokes discuss a response Mr. Dade drafted and provided to the U.S. Coast Guard on behalf of Rozel relating to a salvage plan for the barge in question,[1] the documents submitted primarily concern the facts underlying this litigation, such as information relating to Rozel's efforts to raise the barge in question, which are not entitled to protection pursuant to the attorney client privilege and/or the work product doctrine.[2] Based upon the documents

---

[1] "Rozel 01093" is simply a portion of the emails contained within "Rozel 00760."

[2] One of Cashman's defenses to Rozel's counterclaim in this suit is the "propriety and reasonableness of the recovery methods employed [by Rozel and its subcontractors] and the costs for same." As such, Cashman is entitled to production of documents relating to the efforts of Rozel's subcontractor, Stokes, at raising the barge in question.

submitted (except for "Rozel 00760" and "Rozel 01093"), it appears that Stokes, Regions, and Blades are fact witnesses who were directly involved in the events giving rise to this litigation as part of their ordinary course of business, and as a result, documents involving them are not subject to a blanket protection under the attorney client privilege and/or work product doctrine that Rozel seeks to have applied herein.[3]

However, the Court recognizes that there may be other documents within the totality of documents that Rozel has withheld that are similar in nature to "Rozel 00760" and "Rozel 01093" and that have not yet been produced to the undersigned for *in camera* inspection, which may be subject to the attorney client and/or work product protections. The Court will allow Rozel the opportunity to submit any such documents for review, along with a statement of the reasons why each such document should be considered protected. Otherwise, all remaining documents involving Stokes, Regions, and Blades that have been withheld should be produced to Cashman.

Accordingly;

**IT IS ORDERED** that the Motion to Compel Discovery Responses (R. Doc. 39) filed by plaintiff, Cashman Equipment Corporation, is hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth in the above Ruling.

**IT IS FURTHER ORDERED** that Rozel shall produce to Cashman all withheld documents involving Stokes, Regions and Blades, except for the documents bates-labeled "Rozel 00760" and "Rozel 01093" and documents similar in nature thereto, within fifteen (15) days of this Order.

---

[3] *Gottesman v. Underwriters at Lloyds*, 1989 WL 69943 (E.D.La. 1989)(Documents prepared in the ordinary course of business or for non-litigation purposes are exempt from the qualified immunity of the work-product privilege rule).

**IT IS FURTHER ORDERED** that Rozel shall produce to the Court for *in camera* inspection any documents that it deems similar in nature to "Rozel 00670" and "Rozel 01093" within fifteen (15) days of this Order.

Signed in chambers in Baton Rouge, Louisiana, December 10, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**