UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CASHMAN EQUIPMENT CORP.                                   CIVIL ACTION

VERSUS

ROZEL OPERATING CO., ET AL                                NO. 08-363-C-M2

RULING & ORDER

This matter is before the Court on a second *in camera* inspection related to the Motion to Compel Discovery Responses (R. Doc. 39) filed by plaintiff, Cashman Equipment Corporation ("Cashman"). Specifically, defendant, Rozel Operating Company ("Rozel"), has submitted certain additional documents for *in camera* inspection in accordance with the undersigned's December 10, 2009 Ruling & Order, which permitted Rozel to "produce to the Court for *in camera* inspection any documents that it deems similar in nature to 'Rozel 00670' and 'Rozel 01093'."[1] The undersigned makes the following findings with respect to the additional documents submitted for inspection.

Rozel 01091 is an email exchange between Tom Dade ("Dade") of Stokes & Spiehler ("Stokes") and Yvonne Mitchell ("Mitchell") of Rozel. Although Rozel contends that the email exchange was "created to discuss how to handle communications with USCG on behalf of Rozel in connection with USCG's demand to raise the barge" and it is therefore protected by the work product doctrine, the undersigned disagrees. All that the email

---

[1] As noted in the December 10, 2009 Ruling, Rozel 00670 and Rozel 01093 are documents wherein Rozel's counsel and Tom Dade of Stokes & Spiehler discussed a response that Dade drafted and provided to the U.S. Coast Guard ("USCG") on behalf of Rozel relating to a salvage plan for the barge in question.

1

exchange provides is the mailing address for the USCG and a note that Rozel's attorney would be preparing a response for the USCG.  The email exchange does not discuss the substantive content of any proposed communications between Rozel and the USCG and simply contains information of which Cashman is likely already aware.  Accordingly, the undersigned finds no reason why Rozel 01091 should be protected under the work product doctrine.  Although Rozel 01182 contains substantive information (*i.e.*, a proposed email) concerning how Stokes should respond to Cashman on behalf of Rozel as to Cashman's responsibility for salvaging the barrier barge and Cashman's request for a payment schedule, the undersigned previously determined that Stokes is not a consultant of Rozel for purposes of this litigation.  Thus, communications between Stokes (which was one of Rozel's subcontractors on the project in question and thus a fact witness in this litigation) and Rozel relating to the above issues are not subject to work product protection and should be produced.

The undersigned, however, finds that the highlighted emails contained in Rozel 01192, 01195, 01196-01198, 01199, 01253-01256, 01290-01291, and 01313[2] are protected by the attorney client privilege and/or work product doctrine, as they involve the ascertaining or providing of legal advice by Rozel's counsel concerning communications with USCG by Stokes and/or regarding barge recovery efforts.

Finally, Rozel 1314 is subject to protection under the attorney client privilege/work

---

[2] Rozel has highlighted those emails within the submitted documents that it contends are privileged.

product doctrine and/or Fed. R. Civ. P. 26(b)(4)(B)[3] because it is an email exchange between Rozel's counsel and Steve Ortte ("Ortte") of Marine Operators, Inc., whom Rozel has specifically represented to the Court is <u>not</u> a fact witness in this litigation, is <u>not</u> employed by Stokes or any other entity with direct involvement in this case, and who has been consulted by Rozel in connection with this litigation as a non-testifying expert. The undersigned's review of Rozel 01314 indicates that the document is subject to protection because it contains Ortte's opinion relative to the barge recovery efforts at issue in this case.

Accordingly;

**IT IS ORDERED** that defendant, Rozel Operating Company, shall produce to plaintiff, Cashman Equipment Corporation, the following documents that were submitted to the Court for *in camera* inspection: Rozel 01091 and Rozel 01182. The highlighted emails contained in the remaining documents that were submitted are subject to protection under the attorney client privilege, work product doctrine, and/or Fed. R. Civ. P. 26(b)(4)(B) and need not be produced.

Signed in chambers in Baton Rouge, Louisiana, January 7, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[3] Fed. R. Civ. P. 26(b)(4)(B) provides that, ordinarily, a party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. Fed. R. Civ. P. 26(b)(4)(B).