# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**CASHMAN EQUIPMENT CORP.**          **CIVIL ACTION**

**VERSUS**

**ROZEL OPERATING CO., ET AL**          **NO. 08-363-C**

## RULING ON MOTION TO STRIKE

This matter is before the court on a Motion to Strike (Doc. No. 113) filed plaintiff, Cashman Equipment Corporation. Defendant, Larose Tugs, LLC, filed an opposition to the motion. Jurisdiction is allegedly based on federal question, 28 U.S.C. § 1331. There is no need for oral argument.

Through this motion to strike, Cashman seeks an order, striking Larose's Notice to Tax Costs (Doc. No. 103) which was filed on June 10, 2010. Cashman argues that the Notice is premature because Larose has not moved the district court to award or allow its costs and had not obtained a Judgment or Order that stated it was entitled to an award of taxable costs.

In opposition, Larose contends that Cashman's claim that additional post judgment motion practice is needed before costs can be assessed does not withstand scrutiny. Larose contends that it is clearly the prevailing party and, in accordance with Rule 54(d)(1), is entitled to proceed with the taxation of costs by notice. The court agrees with Larose's contentions.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, as follows:

Doc#1908

DG
PJH

**(d) Costs; Attorney Fees**.

**(1)** Costs other than Attorney's Fees.  Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party. ...  The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action.

Rule 54(d) directs parties to first file a bill of costs not with the court, but with the clerk.  Pursuant to Rule 54(d), the clerk may tax costs on fourteen day's notice, and the non-prevailing party may thereafter file a motion challenging the costs with the court.  Rule 54(d) clearly contemplates that the non-prevailing party would bring the motion to challenge a bill of costs. This court's local rules also set forth a similar procedure for having costs taxed.

Pursuant to the local rules, the prevailing party who is allowed costs shall serve on the non-prevailing party's counsel and file with the clerk a notice of application to have costs taxed; the non-prevailing party is given seven days to object; and thereafter, the clerk shall tax the costs.[1]  Additionally, after the clerk has taxed costs, any dissatisfied party may request within seven days that the court review the clerk's action.[2]

Here, Cashman wants Larose to file a motion with the court, seeking costs such that Cashman could challenge the requested costs.  This procedure is inconsistent with what was contemplated by the federal and local rules. Clearly, the

---

[1] See Local Rules 54.3 and 54.4.

[2] See Local Rule 54.5.

federal and local rules permits the non-prevailing party to challenge any costs sought as well as any costs awarded by the clerk. Although the court reserved Larose's right to move for costs, the court did not direct Larose as to how it should proceed in collecting those costs. Thus, Larose's Notice to Tax Costs is properly before the clerk for consideration. Cashman's motion to strike lacks merit. Accordingly,

IT IS ORDERED that Cashman's Motion to Strike Larose's Notice to Tax Costs is DENIED. The Clerk is directed to consider Larose' Notice to Tax Costs and tax costs in accordance with the applicable federal law.

Baton Rouge, Louisiana, this 17th day of June, 2011.

**RALPH E. TYSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**