UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CASHMAN EQUIPMENT CORP.                CIVIL ACTION

VERSUS

ROZEL OPERATING CO., ET AL             NO. 08-363-RET

## RULING ON MOTIONS

This matter is before the court on a Motion for Taxation of Costs and Incorporated Memorandum in Support (Doc. No. 100) and Amended Motion for Taxation of Costs and Incorporated Memorandum in Support (Doc. No. 109) filed by defendant, Delta Towing LLC. Plaintiff, Cashman Equipment Corporation, filed a response to the motions. Jurisdiction is based on federal question, 28 U.S.C. § 1331. There is no need for oral argument.

## BACKGROUND

On May 11, 2010, Plaintiff, Cashman Equipment Corporation ("Cashman"), filed a motion to dismiss, seeking to dismiss all of Cashman's claims against Delta Towing, LLC ("Delta") and Larose Tugs, LLC ("Larose").[1] On May 11, 2010, Cashman also filed a motion to dismiss its *in rem* claims, seeking to dismiss all *in rem* claims against the tugs DELTA GOOSE and TAMPA BAY, with prejudice.[2] On May 12, 2010, this court granted Cashman's motion to dismiss its claims against

---

[1] Rec. Doc. No. 95.

[2] Rec Doc. No. 96.

Delta and Larose.[3]  On May 13, 2010, this court vacated its May 12, 2010 order and issued an order, granting Cashman's motions to dismiss with full prejudice, dismissing all claims against Delta and Larose and in rem claims against tugs, DELTA GOOSE AND TAMPA BAY, but reserving to Delta and Larose, the right to move the Court to tax costs against Cashman.[4]

Now, before the court is Delta's Motion for Taxation of Costs (Doc. No. 100), and Amended Motion for Taxation of Costs (Doc. No. 109).

## **APPLICABLE LAW**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

**(d) Costs; Attorney's Fees.**

> **(1) Costs Other Than Attorney's Fees.** Unless, a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party. ... The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Title 28 United States Code, Section 1920 provides, as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

---

[3] Rec. Doc. No. 98.

[4] Rec. Doc. No. 99.

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Such taxable costs include court reporter fees and fees for copies of papers, if such fees were necessarily obtained for use in the instant action.[5]

A party who seeks to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred.[6] Additionally, the party must show that the costs were necessarily obtained for use in the instant matter when such standard is applicable.[7] It is within the discretion of district courts to determine whether the costs requested should be awarded to the prevailing party, and a court may decline to award the costs included in § 1920.[8] A court may not tax costs that are not enumerated in § 1920.[9]

---

[5] Id. at § 1920(2)(4).

[6] **Faculty Rights Coal v. Shahrokhi,** 2005 WL 1924192, 1 (S.D. Tex. 8/10/05).

[7] **Fogleman v. ARAMCO,** 920 F.2d 278, 285-86 (5th Cir. 1991).

[8] **Migis v. Pearle Vision, Inc.,** 135 F.3d 1041, 1049 (5th Cir. 1998).

[9] **Conoco, Inc., v. Energy & Envtl. Int'l, L.C.,** 2006 WL 734396, 1 (S.D. Tex. 3/22/06).

Through its motions, Delta seeks an order, granting its Application and Amended Application to Have Costs Taxed and requiring Cashman to pay costs in the amount of $6,507.79 to Delta. In opposition, Cashman challenges several items of costs as not legally recoverable. Particularly, Cashman contends that Delta is not entitled to the costs set forth in its document entitled "Bill of Costs Itemization" filed with Delta's Motion and Application to Have Costs Taxed. The court agrees with Cashman's contention.

As previously stated, a court may not tax costs that are not enumerated in § 1920.[10] Delta's list of other costs on its "Bill of Costs Itemization" are not items included in § 1920 and are for items viewed by the court as expenses of counsel. Therefore, these expenses in the amount of $1,884.16 for long distance telephone calls ($716.72); postage, facsimiles and courier expenses ($46.13); mileage/meals and attorney travel expenses ($1029.72); and pacer and computer research expenses ($91.59) are not taxable.[11]

Photocopy Charges

Cashman also contends that Delta is not entitled to costs for photocopy charges. Cashman contends that photocopy charges incurred for internal use or counsel's convenience are not recoverable. Delta has requested $233.76 for

---

[10] **Conoco, Inc., v. Energy & Envtl. Int'l, L.C.,** 2006 WL 734396, 1 (S.D. Tex. 3/22/06).

[11] See Rec. Doc. No. 100-1, Exhibit A, p. 3; Rec. Doc. No. 109-3, Exhibit A, pp. 1-2.

photocopying charges.[12]

Copy costs are recoverable under section 1920, if they are necessarily obtained for use in the litigation.[13] Other than providing the copy rate and number of documents that were copied, Delta provides no further description indicating the substance or purpose of the copies. Delta also fails to offer any explanation for the copies of the colored oversize maps which were included in the invoice. The responsibility of showing necessity lies with Delta, and therefore, Delta may only recover those costs for which it has met its burden.[14] Thus, the court is unable to award the $233.76 requested for copies from Laborde & Neuner as Delta has not proven to the Court the necessity of these copies.

Witness Fees

Delta seeks costs for $400.00 paid to Mr. P.E. Gilligan for his attendance at

---

[12] Delta requests $233.76 for photocopying charges, however, the invoice filed into the record for photocopying shows the invoice amount as $230.64. See Rec. Doc. 109-3, Exhibit A, p. 9.

[13] **Holmes v. Cessna Aircraft Co.,** 11 F.3d 63, 64 (5th Cir. 1994)( "Before the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation.") Included in this category are copies made as part of discovery and the copies of documents filed with the court. **NLFC, Inc. v. Devcom Mid-America, Inc.,** 916 F.Supp. 751, 762-63 (N.D. Ill. 1996). Extra copies for the convenience of counsel are not considered necessary for these purposes and therefore not taxed as costs. Id at 763; see also **Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago,** 38 F.3d 1429, 1441 (7th Cir. 1994) ; 28 U.S.C. § 1920(4).

[14] See **Firth v. Don McGill of W. Houston, Ltd.,** 2006 WL 846377, p. 5 (S. D. Tex. 3/28/06)(citing **Holmes,** 11 F.3d at 64).

his deposition. Cashman contends that the fee for a fact witness's appearance is limited to the statutory maximum of $40.00 per day.

Pursuant to 28 U.S.C. § 1821(b), a witness shall be paid an attendance fee of $40 per day for each day's attendance in court or in a deposition. Attached to Delta's motion is a copy of an invoice for a witness fee in the amount of $500.00.[15] Because the statute only allows a witness fee of $40.00 per day, Delta is only entitled to $40.00 as a witness fee for P.E. Gilligan.

OTHER COSTS REQUESTED IN MOTION/APPLICATION FOR COSTS

Cashman does not challenge the remaining costs sought by Delta. Having reviewed the application and invoices supporting the remaining costs sought, the court finds that Delta did not submit an invoice for the court reporter fee for Wade Olsen, and therefore, the amount of $442.25 will not be awarded. With regard to the remaining requested costs, the court finds that Delta has submitted sufficient evidence to support the awarding of costs for the remaining court reporter fees.

CONCLUSION

Based on the foregoing,

IT IS ORDERED that Delta's Motion and Application to Have Costs Taxed and Delta's Amended Motion and Application to Have Costs Taxed is GRANTED IN PART, finding that Delta is entitled to recover the costs for court reporter fees in the

---

[15] Although the invoice amount is $500.00, Delta is only seeking $400.00 because another party paid a portion of the invoice.

amount of $3,547.82 (which includes fees for Phillip Gilligan for $1,038.87; James Stansbury for $340.75; Ray Riddle for $246.50; Andrew Saunders for $841.50; George Dolbec for $295.25; Jamie Cashman for $402.75; and Ben Bessom for $382.20); and entitled to recover as costs the witness fee for P.E. Gilligan at the reduced amount of $40.00.

IT IS ORDERED that Delta's Motion and Amended Motion for Application to Have Costs Taxed is DENIED IN PART as to all the remaining requested costs.

IT IS ORDERED that the Clerk of Court shall tax costs against plaintiff, Cashman Equipment Corporation, in the amount of $3587.82, pursuant to Federal Rules of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.

Baton Rouge, Louisiana, this 17th day of June, 2011.

_____
**RALPH E. TYSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**