UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CASHMAN EQUIPMENT CORP.                     CIVIL ACTION

VERSUS                                      NO: 3:08-cv-0363

ROZEL OPERATING CO., ET AL                  SECTION S (1)

## ORDER

DEFENDANT'S MOTION TO COMPEL (Rec. Doc. 217-8)

**GRANTED** in part, and **DENIED** in part

On May 4, 2012, Rozel Operating Company, ("Rozel"), filed a motion to compel the plaintiff, Cashman Equipment Corp., ("Cashman"), to respond to several written discovery requests and pay all costs associated with prosecuting the motion for reasons discussed in its memorandum of law. Rec. doc. 217 at 1. Rozel further certified that it has conferred in good faith with Scott Brownwell, counsel for Cashman, in an effort to resolve these issues without Court involvement. Rec. doc. 217 at 1. On May 24, 2012, Cashman filed its response claiming it had responded adequately to Rozel's discovery requests, and the motion to compel should be denied. Rec. doc. 224 at 1.

## BACKGROUND

In June 2007, Rozel chartered two barges, the JMC 107 and JMC 109, from Cashman under bareboat charter parties, intending to partially submerge the barges to alleviate wave action while work was performed on its platform. Rec. doc. 214 at 1. During the sinking operation, the JMC 107 came loose, and one or both of the tugs went to retrieve it. Rec. doc. 214 at 2. When the JMC 107 was brought into position it struck the end of the JMC 109, causing damage to the hull of the JMC 109. Rec. doc. 214 at 2. On August 15, 2007, Rozel tried to pump out the

barges to return them to Cashman. Rec. doc. 214 at 2. The JMC 107 was raised and returned to Cashman on September 13, 2007. Rec. doc. 214 at 2. Rozel failed to raise the JMC 109 and thus never returned it to Cashman. Rec. doc. 214 at 2. Further, Rozel ceased paying charter hire for the JMC 109. Rec. doc. 214 at 2.

On June 18, 2008, Cashman filed suit against Rozel and CNA Insurance Company, ("CNA"), which issued Rozel's hull and machinery insurance policy on the JMC 109. Rec. doc. 214 at 2. Cashman alleges that Rozel breached the charter parties and that CNA acted in bad faith in adjusting its claim. Rec. doc. 214 at 2. Cashman later amended the complaint adding that Rozel was negligent in trusting the barges to Stokes & Spiehler Offshore, Inc. ("Stokes"), an engineering and consulting company with which Rozel had a Master Service Contract. Rec. doc. 214. Cashman further claimed Stokes was negligent in the manner it sank and attempted to raise the barges. Rec. doc. 214 at 2.

On November 26, 2008, Rozel answered, claiming the damage to the JMC 109 was caused by the plaintiff's comparative fault and/or the unseaworthiness of the barges. Rec. doc. 17 at 1. On February 18, 2009, Rozel counterclaimed for damages incurred due to Cashman's misrepresentation, breach of contract and bad faith breach of contract which served to vitiate its insurance coverage. Rec. doc. 28 at 5. Rozel asserts that its agreement to the contract was based on Cashman's representations that the barges were suitable for breaker barges. Rec. doc. 28. Rozel claims these barges' wing walls rendered them unsuitable for that purpose.

## **ANALYSIS**

Rozel has moved this court to compel Cashman to produce specific discovery requests which it claims are relevant to the case. Rule 26(b) of the Federal Rules of Civil Procedure states that relevant information "need not be admissible at the trial if the discovery appears

2

reasonably calculated to lead to the discovery of admissible evidence." The federal rules define relevancy broadly in the interest of encouraging free and open disclosure. *See* Fed. R. Civ. P. 26(b) (1973 Advisory Committee noted that since "relevance to the subject matter of the action are made for discovery purposes well in advance of trial, a flexible treatment of relevance is required"). Furthermore, when objecting to a discovery request, a party must state the specific reason for doing so; simply stating an objection theory is insufficient. Alonso v. Agrigenetics, Inc., 2004 WL 2668801.

However, because of Rozel's tardy filing of this matter[1], this court is likely constrained by Rule 26(b)(2)(C)(ii) which requires the court to limit the extent of discovery if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Nevertheless, this court will still address the merits of several of Rozel's requests for production.

### A. Request for Production no. 6

Rozel asks that Cashman produce all audit reports with respect to the JMC 103, JMC 104, JMC 111, and JMC 112 subsequent to the "filleting" of the JMC 103 and the JMC 104 in April 2007. Rec. doc. 217 at 3. Rozel claims that Cashman failed to produce any audits for the second, third, and fourth quarters of 2007 and further provided an incomplete audit report for 2008. Rec. doc. 217-8 at 3. In support, Rozel cites the 2010 deposition of Cashman's chief financial officer, Ray Riddle, where he stated that the 2007 audit for the JMC 112 was completed, while the audits for the JMC 104 and JMC 111 were still in progress. Rec. doc. 217-8 at 3.

---

[1] Two discovery motions had passed before the instant motion was filed: 1) March 18, 2012 (rec. doc. 142); and 2) April 18, 2012 (rec. doc. 202).

Cashman claims that Rozel has already received the complete audit reports for 2007. Rec. doc. 224 at 2. Further, Cashman notes that Rozel seeks reports of the JMC 111 and the JMC 112 even though it is aware those barges did not exist in 2007. Rec. doc. 224 at 6. Essentially, Cashman asserts that Rozel's motion to compel dramatically expands the scope of reports in its original request for production. Rec. doc. 224 at 2.

Audit reports for periods after Rozel returned the JMC 107 are not discoverable in the current matter. The court orders Cashman to: 1) certify Rozel has received the reports and provides Bates numbers for them; and 2) certify that the 2007 reports for the JMC 111 and JMC 112 do not exist.

### B. Request for Production no. 9

The defendant further seeks the production of Cashman's accounting records showing the Heavy Construction (HC) Codes assigned to the individual wing wall sections in 2006. Rec. doc. 217-8 at 4. Rozel claims these records are directly related to the condition and value of the wing walls prior to the charter hire. Rec. doc. 217-8 at 4. Cashman asserts all such records have been produced to Rozel in full compliance with the original request. Rec. doc. 224 at 3. Assuming Rozel is correct in asserting that Cashman has failed to produce all such requested material; this material is relevant to the defendant's counterclaim under Rule 26(b) because it concerns the alleged defect of the barges under contract. The court orders Cashman to certify that all such records have been produced and provide Bates numbers for them.

### C. Request for Production no. 13

Rozel asks Cashman to produce its monthly reports of the insured values of its vessels claiming the request is relevant as the value and condition of the barges is directly at issue in this case. Rec. doc. 217-8 at 4. Cashman alleges that the insurance values of all its vessels are

4

irrelevant to the matter and should be considered proprietary. Rec. doc. 224 at 3. In order for a party to resist a discovery request on the basis it demands confidential information, the party must establish that the information sought is a trade secret or other confidential information, and its disclosure would cause significant harm. Stone Connection, Inc. v. Simpson, 2008 WL 1927033, at *1 (E.D. Tex. 2006).

Cashman has not proven that the disclosure of this information would cause irreparable or significant harm as required by courts of this district. Id. Rozel has also stated it is willing to enter into a confidentiality agreement regarding these documents, thus alleviating any threat of harm to Cashman. Rec. doc. 217-8 at 5. However, reports on the insured values of Cashman's vessels not included in this matter are irrelevant under Rule 26(b). Thus, the court orders Cashman to produce the insured values of the barges involved in this matter from the date of filleting through the end of 2008.

### D. Request for Production no. 14

Rozel also requests that Cashman turn over its Daily Log Reports for the year 2007, which detail the location of every single vessel in Cashman's fleet at that time. Rec. doc. 224 at 3. Rozel claims the request is relevant because it relates to the condition of the vessels prior to when it chartered them. Rec. doc. 217-8 at 5. Cashman counters that such a request is wholly irrelevant to the issues in the matter; and further that Rozel has already obtained the entire history of the vessels involved. Rec. doc. 224 at 8.

This request presents a closer relevancy call under Rule 26(d), as it is questionable whether the location of every one of Cashman's vessels, many which may not be of the same type as those in the charter hire, is relevant to this matter. The court orders Cashman to produce

5

those Daily Log Reports which cover the barges at issue for the time period between when those barges were put into service until September 13, 2007.

### E. Request for Production no. 15

Rozel asks Cashman to produce its Barge Reports, which track the location of its barges for the first six months of 2007. Rec. doc. 217-8 at 6. Cashman objects under the reasoning that the documents sought are identical to those in Request no. 14. Rec. doc. 224 at 4. In comparing the testimony of Brian Jones, vice president of Cashman, on the Daily Log Report requested in no. 14 with the testimony of Jones' secretary on the Barge Reports, it appears that the two documents indeed serve the same function of tracking the vessels. Rec. doc. 217-8 at 6-7. Accordingly, the court should apply the discovery exception in Rule 26(b)(2)(C)(iii) which directs courts to limit discovery that is "unreasonably cumulative or duplicative." The court denies Rozel's request for the Barge Reports.

### F. Request for Production no. 17

Lastly, Rozel seeks Cashman's Daily Barge Reports from plaintiff's Baton Rouge office for 2006, 2007, and 2008. Rec. doc. 217-8 at 6. Rozel claims these documents are discoverable because the locations of the barges are relevant to the condition of the vessels prior to being chartered to Rozel. Rec. doc. 217-8 at 7. Cashman alleges these requests are unduly burdensome and duplicative. Rec. doc. 224 at 4. The request for the 2007 reports clearly appears duplicative and thus is not discoverable under Rule 26(b)(2)(C)(iii). Further, the 2008 request is likely irrelevant to the matter at issue in this case because the events occurred in 2007, and anything in the 2008 report would be unlikely to reveal admissible evidence at trial. However, the 2006 reports detailing the location of the barges at issue is relevant as being "reasonably calculated" to lead to admissible evidence as required by Rule 26(b)(1). The court

Case 3:08-cv-00363-MVL-SS   Document 241   06/06/12   Page 6 of 9

orders Cashman to produce the Daily Barge reports for the barges at issue from the time they were put into service until September 13, 2007.

### G. Previously Produced Documents

Rozel alleges that Cashman's responses to its previous document requests for numbers 2, 7, 8, 12, and 19, failed to specify the particular documents requested. Rec. doc. 217-8 at 7. Thus, Rozel claims its unable to determine whether these documents have actually been produced. Rec. doc. 217-8 at 7. Cashman argues that Rozel had all of its production for months, yet failed to raise this issue until now. Rec. doc. 224 at 4. Cashman is correct in its assessment that Rozel should lose its right to clarify these requests because of its failure to object in a timely manner. The court denies Rozel's request that Cashman specify these documents.

### H. Memorandum Created by Cashman's Prior Outside Counsel

Rozel asks that Cashman produce a memorandum created by its then outside counsel, Andrew Saunders. Rec. doc. 217-8 at 7. Saunders prepared the memorandum following a telephone interview with Wade Olsen, a marine surveyor and witness in the matter, regarding his survey of the barges. Rec. doc. 217-8 at 7. Rozel alleges that because the requested document was not included in Cashman's protected log, the privilege is effectively waived. Rec. doc. 217-8 at 8. Thus, Rozel demands that Cashman either supplement its privilege log in compliance with Rule 26(b)(5) and/or produce the memorandum for in camera inspection by the Court. Rec. doc. 217-8 at 8. Further, Rozel contends the document is not protected under work-product because it reflects facts related to the survey and condition of the wing walls at issue in the suit, and the privilege does not extend to the underlying facts relevant to litigation. Rec. doc. 217-8 at 8.

7

Cashman counters that Rozel has failed to prove that it is unable to obtain any information that Olsen may possess because he was deposed by all parties, including Rozel. Rec. doc. 224 at 5. Further, Cashman claims that Rozel's argument stating its entitled to discover any "facts", including Saunders' belief in the accuracy of the witness's statements, undercuts Rozel's position. Rec. doc. 224 at 5. Cashman asserts that Saunders' belief constitutes a mental impression of the attorney, and thus is accorded the highest degree of work-product protection.

Because Rozel itself has deposed Olsen and has failed to show why it was not possible to obtain the information from the witness; Rozel has not shown a substantial need for the work-product information, or that less intrusive means to get the information are not available. *See* Hickman v. Taylor, 329 U.S. 495, 511 (1947) (court held that "if the witnesses can readily enough be found and interviewed or deposed, generally the work-product protection will not be stripped"). Furthermore, it is questionable whether the memorandum would be discoverable even if a hardship existed because it contains Saunders' personal impressions of the interview, and such opinion work-product is generally always protected from disclosure. 2 Edna S. Epstein, The Attorney-Client Privilege and the Work-Product Doctrine 946 (5th ed. 2007). Following in camera review, the court denies Rozel's request for the memorandum created by Cashman's attorney.

### I. Nonresponsive Documents

Rozel further requests that Cashman produce its Barge Fleeting Reports for May 25-26, 2007 as discussed in Saunders' deposition, alleging that material had not yet been produced. Rec. doc. 217-8 at 9. Cashman claims that Rozel has already received those documents within

the stipulated time. Rec. doc. 224 at 224. The court orders Cashman to certify that those reports have been produced and provide the Bates numbers for that material.

Rozel also seeks Cashman's Material Transfer Records and all other specific document requests that have not yet been produced. Rec. doc. 212-8 at 10. Cashman claims these materials do not exist as it failed to locate them after diligent search. Rec. doc. 224 at 5. The court orders Cashman to certify that, after diligent search, the Material Transfer Records and all other requested documents do not exist.

## CONCLUSION

IT IS ORDERED that: Rozel's motion to compel plaintiff's discovery responses (Rec. Doc. 217-8) is GRANTED in part, and DENIED in part.

New Orleans, Louisiana, this 6th day of June, 2012.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**