UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CASHMAN EQUIPMENT CORP.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-363** |
| **ROZEL OPERATING CO., ET AL.** | **JUDGE LEMMON** |
| | **MAGISTRATE SHUSHAN** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Enforce Settlement and to Cancel Letter of Credit and for Partial Prevention of Stay Pending Appeal filed by Rozel Operating Company and Stokes & Spiehler Offshore, Inc. (Doc. #386) is **DISMISSED FOR LACK OF JURISDICTION**.

**IT IS FURTHER ORDERED** that Cashman Equipment Corporation's Motion for Stay (Doc. #400) is **GRANTED**, and the execution of the judgment in this action is **STAYED** pending the resolution of the appeal.

BACKGROUND

This matter is before the court on Rozel and Stokes' motion to enforce the settlement agreement, cancel the letter of credit and prevent a partial stay of execution of the judgment pending appeal. The matter is also before the court on Cashman's motion for a stay of the execution of the judgment pending appeal.

In 2007, Rozel chartered the JMC 109 from Cashman to use as a breaker barge to alleviate wave action near Rozel's natural gas production platform in the Gulf of Mexico. Stokes sunk the barge on Rozel's behalf. Rozel was unable to deballast the JMC 109, and consequently, has not returned it to Cashman.

On June 18, 2008, Cashman filed this suit against: Rozel Operating Company; Continental Insurance Company, which issued the hull and machinery insurance policy to Rozel on the JMC

109; and other defendants who were dismissed before trial. On July 1, 2010, Cashman amended its complaint, adding Stokes & Spiehler Offshore, Inc. as a defendant, alleging that Rozel negligently entrusted the JMC 109 to Stokes, and that Stokes was negligent in the manner in which it sank and attempted to raise the JMC 109.

Rozel filed a counter-claim against Cashman alleging that Cashman committed fraud or fraudulently induced Rozel into chartering the JMC 109, or alternatively, that Rozel detrimentally relied on Cashman's representations about the JMC 109's fitness for use as a breaker barge. Rozel also made claims against Continental regarding its entitlement to insurance proceeds under the Continental policy.

Prior to trial, Rozel, Cashman and Continental entered into a settlement agreement whereby Continental deposited $1,500,000 into the registry of the court, and Rozel and Cashman dismissed their respective claims against Continental. Rozel and Cashman agreed not to litigate their respective entitlements to the Continental funds under the policy language. Instead, they agreed to terms for its disbursement that depended on the result of trial, and that the court would determine the disbursement in accordance with their agreement and the jury verdict. Also, as part of the settlement, Rozel was required to obtain a $1,300,000 letter of credit securing any judgment Cashman might receive against it in excess of the $1,500,000 deposited in the court's registry by Continental.

The case was tried to a jury from December 3, 2012 to December 10, 2012. The jury found that Cashman did not commit fraud or fraudulently induce Rozel to enter into the charter party for the JMC 109, nor did Rozel detrimentally rely on Cashman's representations about the condition

of the barge. The jury found that Rozel breached the charter party by failing to return the JMC 109 in "the same good and seaworthy condition as when received" except for ordinary wear and tear. The jury found that $200,000 was a fair and reasonable value for the JMC 109, and that Stokes' negligence in handling the JMC 109 caused Cashman to sustain damages in the amount of $200,000. The jury found that Rozel was responsible for 40% of Cashman's damages, and Stokes was responsible for 60% of Cashman's damages.

The court entered judgment on the jury verdict awarding Cashman $200,000 in damages, plus interest, with Rozel responsible for 40% of the damages and Stokes responsible for 60% of the damages. The judgment also specified that $200,000 of the funds deposited into the registry of the court by Continental be held in the registry of the court to act as a supersedeas bond for any appeal taken on behalf of Rozel and/or Stokes and/or otherwise applied toward the monetary judgment in favor of Cashman, and that the remaining excess funds held in the registry of the court be used to reimburse Rozel and/or Stokes after the JMC 109 has been successfully retrieved.

Thereafter, Cashman filed a motion for new trial. On July 15, 2013, The court granted the motion as to specifying the terms of Cashman's interest award, but the motion was otherwise denied. In that same order, the Court awarded attorneys' fees and costs to Cashman.

On July 17, 2013, Rozel and Stokes filed the instant motion to enforce the settlement agreement, cancel the letter of credit and prevent a partial stay of the execution of the judgment pending appeal. On July 23, 2013, Cashman filed a notice of appeal. Thereafter, Cashman filed an opposition to Rozel and Stokes' motion, and a motion to stay the execution of the judgment pending appeal.

## ANALYSIS

**A.     Rozel and Stokes' Motion to Enforce Settlement and to Cancel Letter of Credit and for Partial Prevention of Stay Pending Appeal (Doc. #386)**

Rozel and Stokes seek enforcement of the portion of their settlement agreement with Cashman regarding the Continental funds and execution of the portion of the judgment that incorporated the settlement agreement.  Specifically, Rozel and Stokes seek an order permitting them to be reimbursed from the Continental funds in the registry of the court if they successfully retrieve the JMC 109 before Cashman's appeal is concluded.  Rozel and Stokes also seek an order permitting them to cancel the letter of credit, because Cashman's judgment, including interest, attorneys' fees and costs, does not exceed the $1,500,000 deposited in the court's registry by Continental.

Once a notice of appeal is filed, the district court "loses all jurisdiction over matters brought" on appeal. Winchester v. U.S. Attorney for the S. Dist. of Tex., 68 F.3d 947, 948 (5th Cir. 1996). "[A] notice of appeal divests the district court of jurisdiction 'except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)'" Id. at 949 (quoting Travelers Ins. Co. v. Liljeberg Enters., 38 F.3d 1404, 1407 n. 3 (5th Cir. 1994)).

Cashman's notice of appeal divested this court of all jurisdiction over matters brought on appeal.  Cashman seeks appellate review of this court's interpretation of the parties' settlement agreement regarding the Continental funds, which is incorporated into the judgment.  Therefore, this court lacks jurisdiction to rule upon Rozel and Stokes' motion which seeks enforcement of the court's interpretation of the settlement agreement, and the motion is DISMISSED for lack of subject matter jurisdiction.

**B.     Cashman's Motion to Stay (Doc. #400)**

Cashman moves this court to stay the execution of the judgment pending appeal. Cashman requests that the $1,500,000 deposited in the court's registry by Continental act as the supersedeas bond if it is required to post a supersedeas bond.

Rule 62(d) of the Federal Rules of Civil Procedure "establishes a general rule that losing parties in the district court can obtain a stay [of the execution of judgment] pending appeal only by giving a supersedeas bond." Enserch Corp. v. Shand Morahan & Co., Inc., 918 F.2d 462 (5th Cir. 1990) (citing FED. R. CIV. P. 62(d)). The stay takes effect when the court approves the bond. FED. R. CIV. P. 62(d). In Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979), the United States Court of Appeals for the Fifth Circuit explained that the purposes of the supersedeas bond "is to preserve the status quo while protecting the non-appealing party's rights pending appeal." Further,

> [a] judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal. At the same time, the bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.

Id. at 1191. Rule 8 of the Federal Rules of Appellate Procedure provides that the appellant must ordinarily first move for the stay and approval of a supersedeas bond in the district court.

The Supreme Court of the United States has explained that a supersedeas bond is not necessary when the prevailing party appeals the district court's judgment, and "assert[s] that the decree is founded in error and for that reason should not be executed, but should be reversed and corrected in the appellate tribunal." Bronson v. La Crosse & Milwaukee R.R. Co., 68 U.S. (1 Wall.) 405, 410 (1864). Thus, the district "court judgment may be suspended without bond when the relief

5

sought by the prevailing party on appeal is inconsistent with enforcement of the [district] court's judgment." Enserch, 918 F.2d at 464 (citing Bronson, 68 U.S. at 410). For example, the district court's judgment should be stayed if the prevailing party argues that the "district court's judgment should be reversed or extensively changed," but should not be stayed if the prevailing party is arguing "only that the amount of damages should be increased." Id.

As explained above, Cashman is appealing this court's interpretation of the settlement agreement as expressed in the judgment. Thus, Cashman is asserting that the decree is founded in error, should not be executed and should be reversed by the appellate court. Further, the relief Cashman seeks on appeal is inconsistent with the enforcement of the portion of the court's judgment that permits Rozel and/or Stokes to be reimbursed from the Continental funds in the court's registry for the successful retrieval of the JMC 109. Therefore, the execution of this court's judgment in this matter is hereby STAYED pending the appeal without the need for Cashman to post a supersedeas bond.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Enforce Settlement and to Cancel Letter of Credit and for Partial Prevention of Stay Pending Appeal filed by Rozel Operating Company and Stokes & Spiehler Offshore, Inc. (Doc. #386) is **DISMISSED FOR LACK OF JURISDICTION**.

**IT IS FURTHER ORDERED** that Cashman Equipment Corporation's Motion for Stay (Doc. #400) is **GRANTED**, and the execution of the judgment in this action is **STAYED** pending the resolution of the appeal.

New Orleans, Louisiana, this __12th__ day of September, 2013.

                              **MARY ANN VIAL LEMMON**
                              **UNITED STATES DISTRICT JUDGE**